Suzanne L. ROBINSON, Plaintiff,

and

Constance Robinson, Appellant,

v.

PARKE–DAVIS AND COMPANY,
Appellee.

No. 81–1819.

United States Court of Appeals,
Fourth Circuit.

Argued May 6, 1982.
Decided Aug. 17, 1982.

convicted of felonies or the election laws. *See S.C.Code Ann.* § 7–5–120(b) (Cum.Supp.1981).

913

David Rosenblum, Alexandria, Va. (Herbert Rosenblum, Rosenblum & Rosenblum, Alexandria, Va., Edward S. Horowitz, Horowitz, Oneglia, Goldstein, Foran & Parker, College Park, Md., on brief), for appellant.

Jean-Pierre Garnier, Falls Church, Va. (Kohlhaas, Garnier & Webb, Falls Church, Va., on brief), for appellee.

Before RUSSELL, WIDENER and MURNAGHAN, Circuit Judges.

PER CURIAM:

This action was instituted by a mother and her daughter for injuries to the daughter ostensibly resulting from the mother's use of the defendant's drug Norlutin during her pregnancy. The two plaintiffs asserted five causes of action in their complaint. In response to a motion by the defendant, the district court dismissed all claims of the mother after concluding that they were barred by the applicable Virginia statute of limitations. Va.Code § 8.01–243(B). The court also dismissed two of the five causes of action of the daughter. The mother appealed her dismissal, while the daughter's case continued through discovery.

While the district court's order appears to end the mother's litigation, the court failed to make "an express determination that there is no just reason for delay and ... an express direction for the entry of judgment," as provided for in Fed.R.Civ.Pro. 54(b). Because the district court's order adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties", the order was still subject to revision by the district court and would be appealable only upon an express Rule 54(b) certification. E.g., *Schnur & Co. v. Mc-*

*Donald*, 328 F.2d 103 (4th Cir. 1964); Wright & Miller, 10 Federal Practice & Procedure § 2660 (1973). Without such certification, this court does not have jurisdiction to hear the appeal. 28 U.S.C. § 1291.

We express no opinion as to whether or not the appeal should be certified under FRCP 54(b) should the appellant make proper application to the district court following the dismissal of her appeal.

Accordingly, the appeal is

DISMISSED.