846 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BEECHWOOD WEST HOMEOWNERS ASSOCIATION, A Virginia non-stock
corporation, Linton C. Beasley, on behalf of
himself and all others similarly
situated, Plaintiffs- Appellants,
v.
BEECHWOOD WEST, a Virginia Limited Partnership, David S.
Wilson, individually, and as sole general partner of
Beechwood West, John Doe, Jane Doe, Dru Allen, Ronald
Beganie, a/k/a Ronald Gaggani, a/k/a Ronald Beganny, a/k/a
Ronald Begoni, Jerry Bentley, Jan Brock, Jarrell Brock, Mike
Caroll, Jack Carter, Ron Cheek, Patty Crouch, Mike Cullen,
Steve Dement, Tammy Ellis, Howard Epstein, Buford Feldman,
E.R. Forest, a/k/a E.R. Forrest, a/k/a E.R. Forest, Jr.,
a/k/a E.R. Forrest, Jr., Kenney Horton, a/k/a Kenny Horton,
a/k/a Kinney Horton, a/k/a Kinney Horton, Al Itenson, Tommy
Kalet, a/k/a T. Kaylet, J.H. Kirk, a/k/a Jerry Kirk, Larry
Lassera, Dennis McCauley, Jim McCluskey, a/k/a Jim
McClaskey, Jerry W. Mitchell, Marilyn Pacheco, Chuck
Pachuka, a/k/a Chuck Pacieco; P.R. Person, a/k/a P.R.
Pearson, Pat Phillips, Jerry Pugh, James Roberts, Len
Rosser, James Russell, a/k/a Jim Russell, B. Thomas, a/k/a
Bill Thomas, a/k/a W. Thomas, Babley Ukthamini, J. Roger
Edwards, Jr., individually and in his capacity as a limited
partner of Beechwood West, W. Ward Marslender, individually
and in his capacity as a limited partner of Beechwood West,
S. Elva Drake, individually and in her capacity as a limited
partner of Beechwood, Paul E. Castelloe, individually and in
his capacity as a limited partner of Beechwood West, Thomas
E. Castelloe, individually and in his capacity as a limited
partner of Beechwood West, Patricia T. Edwards, c/f Dalphine
Drake Edwards, c/f Patricia Hale Edwards, c/f J. Roger
Edwards, III, individually and in her capacity as a limited
partner of Beechwood West, Linda D. Castelloe, c/f Paul E.
Castelloe and L. Blair Castelloe, individually and in her
capacity as a limited partner of Beechwood West, Paul E.
Castelloe, c/f Thomas E. Castelloe and Clifton S. Castelloe,
individually and in his capacity as a limited partner of
Beechwood West, Dan Davis, Defendants-Appellees.
 No. 87-3051.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1987.
Decided April 15, 1988.
 
 E. Ronald Feinman, Jr., for appellants.
 Charles Lassiter Williams, Jr., David Gerard Weaver, Gentry, Locke, Rakes & Moore, for Appellees Beechwood West and David S. Wilson, David B. Hart, Robert M. McAdam, Fox, Wooten & Hart, for appellees Limited Partners of Beechwood West.
 Before DONALD RUSSELL, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellees have filed a motion to dismiss this appeal contending that this Court lacks jurisdiction. We have previously denied appellants' petition to take an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292. Therefore, jurisdiction, if it exists, must be pursuant to 28 U.S.C. Sec. 1291.
 
 
 2
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction over appeals from final orders of United States district courts. A final order disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). A review of the district court's order of December 31, 1986 clearly indicates that it does not dispose of the individual claims of Linton Beasley. Since the order does not dispose of the entire litigation, it is not final and, therefore, may not be appealed pursuant to Sec. 1291.
 
 
 3
 Because the district court's order did dispose of some of the parties' claims in their entirety, immediate appeal of these claims could have been achieved through the vehicle of Fed.R.Civ.P. 54(b) certification. However, the district court denied appellants' motion for Rule 54(b) certification of its December 31 order. In the absence of such certification, none of the claims of any of the parties is appealable. Robinson v. Parke-Davis and Co., 685 F.2d 912 (4th Cir.1982).
 
 
 4
 Finding no basis for appellate jurisdiction, we grant appellees' motion and dismiss the appeal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 DISMISSED.