Opinion on Rehearing

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NORMAN JAMES WITHERSPOON,
Plaintiff-Appellant,

and

NORMAN WITHERSPOON; THOMAS
WILLIAMS; CYNTHIA H. COAXUM;

No. 95-3138

ARTHUR PINCKNEY; LUCILLE MYERS,
Plaintiffs,

v.

DEPARTMENT OF THE NAVY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-93-1914-2-18AJ)

Submitted: January 31, 1997

Decided: February 21, 1997

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Norman James Witherspoon, Appellant Pro Se. Margaret Beane Seymour, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Norman James Witherspoon appeals the district court's order granting summary judgment in favor of the Department of the Navy. Initially, Witherspoon noted an interlocutory appeal and this court lacked jurisdiction to review its merits because the district court had yet to dispose of the claims of all parties. See Robinson v. Parke-Davis & Co., 685 F.2d 912, 913 (4th Cir. 1982). However, on September 18, 1996, before the merits of the appeal were considered by this court, the district court entered a final, appealable order disposing of all parties involved in the litigation and their claims.

Under the doctrine of cumulative finality, a prematurely-filed notice of appeal is considered effective if all joint claims or all multiple parties are dismissed prior to the consideration of the appeal. Equipment Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992). Because the claims of the last plaintiff were dismissed prior to this court's consideration of the appeal, Witherspoon's notice of appeal will be given effect and his appeal will be addressed on the merits.

Witherspoon claimed that the Department of the Navy violated the Privacy Act, 5 U.S.C. § 522a (1994), by denying him access to unofficial personnel files and that the information contained therein led to such adverse employment actions as being denied promotions and being illegally terminated. Witherspoon sought compensatory damages.

We have reviewed the record and the district court's opinion and find no reversible error. Because there was no evidence that Witherspoon made a written request to review his "unofficial personnel file," that such request was denied, or that he had exhausted his administrative remedies, he has failed to state a denial of access claim. See 5

2

U.S.C. § 522a(d)(1). Moreover, because Witherspoon failed to establish a causal connection between a specific violation of the Privacy Act and any specific adverse employment action, he is not entitled to damages. See 5 U.S.C. § 522a(g). Accordingly, we affirm on the reasoning of the district court. Witherspoon v. Department of the Navy, No. CA-93-1914-2-18AJ (D.S.C. Oct. 27, 1995).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3