Present:  All the Justices

GREGORY C. STRAESSLE
                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 961529        April 18, 1997

AIR LINE PILOTS' ASSOCIATION,
INTERNATIONAL

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Robert W. Wooldridge, Jr., Judge


    In this appeal, we consider whether the plaintiff's alleged cause of action is barred by the doctrine of res judicata.

    Plaintiff, Gregory C. Straessle, filed an amended motion for judgment against the Air Line Pilots' Association, International (ALPA), alleging the following facts.  Straessle was an airline pilot employed by Eastern Airlines in 1989.  A labor strike occurred and Eastern Airlines attempted to continue flight operations utilizing management pilots and non-striking pilots.  Straessle initially participated in the strike, but later decided to return to work.

    ALPA established and maintained a "SCAB List" which identified the pilots, including Straessle, who worked during the strike.  Once the strike terminated, ALPA allegedly distributed 50,000 copies of the "SCAB List," and "took steps to block the future employment of the pilots listed on the . . . SCAB List" by:  distributing the list to "key officials at all airlines [and] air freight carriers"; "sending ALPA officials to meet with key management and union officials at all airlines and freight carriers to discuss the ramifications of hiring any of the pilots named on the . . . SCAB List"; "threatening carriers, including small, non-union carriers with reprisals . . . if they hired any

pilots listed on the SCAB List"; "monitoring . . . pilot interview schedules at the major airlines to ensure that pilots listed on the SCAB List were not hired"; and distributing "computer disks containing a database listing of the pertinent information on the pilots on the SCAB List."

As a result of the actions of ALPA, Straessle was "blacklist[ed]" and rejected for employment at numerous airlines. He alleged that ALPA's conduct constituted "intentional and improper interference with [his] prospective contractual relationships in the airline industry," and he sought compensatory and punitive damages.

ALPA filed a motion to stay Straessle's amended motion for judgment. Straessle was one of numerous plaintiffs in an action pending in the United States District Court for the Southern District of Florida, Dunn v. Air Line Pilots' Association, Case No. 91-2679. The plaintiffs in the federal action alleged that ALPA had: "compiled and printed a list of persons who allegedly continued, resumed or made themselves available for employment by [Eastern Airlines] at various times between March 4, 1989 and November 23, 1989"; "caused the [b]lacklist to be published and distributed to the management and employees of domestic and foreign commercial passenger and cargo air carriers . . . and persons involved in the aviation industry to prevent Plaintiffs from being employed in any position associated with the aviation industry." The plaintiffs in the federal action alleged that the publication and distribution of the "blacklist" constituted the tort of libel and sought damages from ALPA.

The federal district court entered an order directing certain plaintiffs in that litigation, including Straessle, to respond to certain discovery requests.  That order states in relevant part:

"<u>OMNIBUS ORDER</u>

. . . .

ORDERED AND ADJUDGED as follows:

1.   The plaintiffs listed on Schedule A attached hereto [which included Straessle], by no later than thirty (30) days from the date stamped on this Order, shall either:  (a) respond to ALPA's Questionnaire To Each Plaintiff and ALPA's Document Requests To Each Plaintiff, or (b) enter into a mutual release of all claims with ALPA and the other defendants to this action.  Failure by any plaintiff listed on Schedule A to do either of the above within thirty (30) days from the date stamped on this Order shall cause, without any further Order from the Court, such plaintiff's claims against ALPA to be automatically dismissed with prejudice and ALPA's counterclaims against such plaintiff, if any, to be dismissed without prejudice."

Straessle failed to respond to the discovery requests in the federal litigation within the 30-day period specified in the order, and his claim was "automatically dismissed with prejudice."

After the federal district court dismissed Straessle's claim, ALPA withdrew its motion to stay the action pending in the circuit court in Virginia and filed a motion for summary judgment, asserting that Straessle's action is barred by the doctrine of <u>res</u> <u>judicata</u>.  The trial court granted that motion and Straessle appeals.

Relying upon <u>Bates</u> v. <u>Devers</u>, 214 Va. 667, 202 S.E.2d 917

(1974), Straessle asserts that a judgment must be valid and final on the merits before a defendant may assert the doctrine of res judicata to bar a plaintiff's cause of action. Continuing, Straessle asserts that the federal district court's "omnibus order" does not constitute a final judgment within the meaning of Fed. R. Civ. P. Rule 54(b) and, therefore, the trial court erred by dismissing his amended motion.

ALPA responds that Straessle did not challenge the finality of the federal court order below and, therefore, this claim cannot be considered on appeal. Additionally, ALPA asserts that the Full Faith and Credit Clause of the U.S. Constitution, Art. IV, § 1, as well as Code § 8.01-389(B)[1], require that this Court give the federal district court order the same preclusive effect it would have been given in the federal courts and that this Court must apply federal law which requires that we affirm the trial court's judgment.

> In Bates v. Devers, we stated:
> "Res judicata-bar, is the particular preclusive effect commonly meant by use of the term 'res judicata'. A valid, personal judgment on the merits in favor of defendant bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies."

Id. at 670-71, 202 S.E.2d at 920-21 (footnote omitted). A defendant who asserts the bar of res judicata must prove by a

---

[1]Code § 8.01-389(B) states:

> "Every court of this Commonwealth shall give such records of courts not of this Commonwealth the full faith and credit given to them in the courts of the jurisdiction from whence they come."

preponderance of the evidence that the defendant has obtained a valid final judgment in his favor. Id. at 671, 202 S.E.2d at 921. See Portsmouth v. Chesapeake, 205 Va. 259, 270, 136 S.E.2d 817, 826 (1964).

Thus, we must initially determine whether the federal district court's order, referenced in part above, constitutes a final order within the meaning of Fed. R. Civ. P. Rule 54(b), which states in relevant part:

> "[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

Federal circuit courts of appeal which have applied Fed. R. Civ. P. Rule 54(b) have uniformly held that a district court order, entered in an action with multiple parties, does not constitute a final judgment unless the district court complies with the requirements specified in the rule. The district court must make an express determination that "there is no just reason for delay," and the federal district court's order must have "an express direction for the entry of judgment." See Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988); Bullock v. Baptist Memorial Hospital, 817 F.2d 58, 59 (8th Cir. 1987); Robinson v. Parke-Davis and Co., 685 F.2d 912, 913 (4th

Cir. 1982); Smith v. Fairfax County School Bd., 497 F.2d 899, 899 (4th Cir. 1974); United States v. Peerless Insurance Co., 374 F.2d 942, 944 (4th Cir. 1967).

Additionally, federal appellate courts have held that they are "duty bound" to consider, sua sponte, whether a district court order is a final judgment within the meaning of Fed. R. Civ. P. Rule 54(b). Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996); Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993); Spiegel, 843 F.2d at 43; United States General, Inc. v. Albert, 792 F.2d 678, 680 (7th Cir. 1986); Landry v. G.B.A., 762 F.2d 462, 463-64 (5th Cir. 1985).

Applying Fed. R. Civ. P. Rule 54(b) here, it is clear that the federal district court order which dismissed Straessle's claim is not a final judgment. The district court's order does not contain an express determination that there is no just reason for delay, nor does the order contain an express direction for the entry of judgment.

It is true, as ALPA asserts and Straessle concedes, that Straessle failed to argue in the trial court that the federal district court order is not a final judgment. We are of opinion, however, that Rule 5:25 does not bar this Court from adjudicating that issue.[2] As we previously stated, federal courts of appeals

_____

[2]Rule 5:25 states in relevant part:

"Error will not be sustained to any ruling of the trial court . . . before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable

are "duty bound" to determine, sua sponte, whether a district court's order is final because the order affects the federal appellate court's jurisdiction. Likewise, we are duty bound to consider the finality of the federal district court's order because we must determine if that order shall be granted full faith and credit.

The procedural bar of Rule 5:25 cannot be used to grant full faith and credit to an order which is not final. It would indeed be an anomaly if this Court were to treat as a final judgment a federal district court's order which is subject to revision "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties" in litigation which is currently pending in the federal district court. Furthermore, we will not grant full faith and credit to a federal district court order that has no res judicata effect in any federal proceedings. See Republic of China v. American Express Co., 190 F.2d 334 (2nd Cir. 1951); 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure: § 2661 (2d ed. 1983).

For the foregoing reasons, we will reverse the judgment of the trial court and remand this case for further proceedings.

Reversed and remanded.

_____

this Court to attain the ends of justice."