# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Carlton Coleman,
t/a Coleman's Garage

v.

Hairston Motor Co.

December 2, 1998

Case No. CL98-373

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this action for storage fees, the court is asked to rule on the defendant's pleas of res judicata and collateral estoppel, the defendant's motion for summary judgment, and the plaintiff's demurrer to the defendant's counterclaim.

*Facts*

Coleman's Garage (Coleman) initiated this action by warrant in debt in the general district court, claiming $13,908.00 in storage fees.

The parties agree that Coleman's claim relates to storage of a 1993 Volvo that Hairston Motor Company (Hairston) purchased at auction in Pennsylvania on July 22, 1993. The vehicle was damaged in transit and was taken by the hauler to Coleman for repair and storage.

In its grounds of defense, Hairston denies that it gave anyone permission to deliver the vehicle to Coleman and contends that it is not liable for the storage fees.

Hairston also filed a counterclaim, alleging that Coleman converted the car to his own use by operating it for more than 3,000 miles while the car was supposedly in storage.

Further, Hairston filed pleas of collateral estoppel and res judicata because of previous litigation involving the vehicle in the Danville Circuit Court.

Finally, Hairston removed the case to circuit court, asserting a substantial defense, pursuant to Virginia Code § 16.1-92.

When the case reached this court, Coleman moved to strike Hairston's pleas and filed a demurrer to the counterclaim. In turn, Hairston filed a motion for summary judgment on Coleman's original claim.

All of these pre-trial matters were heard on November 16, 1998, and taken under advisement.

### Coleman's Demurrer

In his demurrer, Coleman asserts that Hairston's counterclaim does not state a claim upon which relief can be granted. Coleman says that Hairston is seeking to recover "rental fees" for the automobile but has failed to allege facts sufficient to show a contract or other obligation for Coleman to pay or incur such fees.

The demurrer will be overruled. In its counterclaim, Hairston specifically alleges conversion. Conversion is a tort. See 19 M.J., *Trover and Conversion*, §§ 2 and 4. Thus, no facts regarding a contractual relationship need be alleged. As noted, Hairston's claim of conversion arises out of its contention that Coleman used the vehicle for personal purposes, driving it more than 3,000 miles, while the vehicle supposedly was in storage. Setting aside the question of damages to which Hairston might be entitled, which is not an issue at this juncture, Hairston properly has stated a claim of conversion in the counterclaim.

### Hairston's Motion for Summary Judgment

Hairston's motion for summary judgment similarly arises out of Coleman's personal use of the Volvo while it was supposedly in storage. Hairston relies upon Coleman's admission that he drove the car to support the motion.

A motion for summary judgment is appropriate when there is no material issue genuinely in dispute. Rule 3:18. Here, although Coleman admits driving the car while it was in his possession, he does not admit that he drove it 3,000 miles for personal use. The extent to which Coleman drove the car, when, where, and why, are issues in dispute. Hairston cites no authority, and the court knows of none, for the proposition that Coleman cannot recover any storage

fees to which he might otherwise be entitled merely because he operated the car for some purpose while it was in his possession.

Hairston further contends in the motion for summary judgment that Coleman cannot recover because Coleman knew as early as August or September 1993 that Hairston demanded return of the car.

That contention is a non sequitur. Coleman concedes that he received notice from Hairston demanding return of the car, specifically, delivery of the car to Hairston in Danville. However, assuming that Coleman had lawful possession of the car in the first place, an issue in dispute, there is no legal principle that would require him, on demand, to deliver the car to Danville at his expense or forfeit his accrued storage fees.

Therefore, this ground for summary judgment is without merit.

The motion for summary judgment will be denied.

### *Hairston's Pleas*

Hairston's pleas of res judicata and collateral estoppel[1] are based on earlier litigation in Danville Circuit Court. An explanation of that proceeding is crucial to an understanding of these pleas.

Hairston filed an action in the Danville Circuit Court against William E. Newsome, Jr., and others, seeking return of the vehicle. Newsome had been hired to transport the Volvo from Pennsylvania to Hairston in Danville. Newsome is the person who left the vehicle with Coleman after it was damaged in transit. Coleman was not a party to that litigation.

On April 20, 1998, the Danville Circuit Court ordered Newsome to pick up the vehicle from Coleman's garage and deliver it to Hairston. Hairston was directed to pay Coleman reasonable storage charges not to exceed $300.00.

Hairston paid Coleman $300.00, but when Newsome attempted to obtain possession of the vehicle, Coleman refused. The Danville Circuit Court issued a rule against Coleman, returnable on May 28, 1998, to show cause why he should not be held in contempt for failing to deliver the Volvo to Newsome. Coleman turned the car over to Newsome, and the show cause was dismissed.

The doctrine of res judicata gives meaningful finality to judgments by declaring that matters of law and fact once adjudicated between the parties to a lawsuit cannot be judicially reconsidered. A single cause of action cannot be

---

[1] Collateral estoppel is generally treated as a subpart of the broader doctrine of res judicata. Both involve a former adjudication barring a relitigation of issues. Thus, the court will refer only to res judicata with the understanding that the term applies to both of Hairston's pleas.

split up. Therefore, the doctrine further holds that any part of a cause of action that could have been made an issue but was not is finally concluded by the judgment and cannot be later litigated separately. Bryson, *Virginia Civil Procedure*, pp. 478-480 (3d ed. 1997).

A party who relies upon a defense of res judicata must prove it. Proof of the identity of the parties, the points in issue, and the adjudication must be established by a preponderance of the evidence. *Straessle v. Air Line Pilots' Assn.*, 253 Va. 349 (1997); see also 8B M.J., *Former Adjudication or Res Judicata*, § 81.

Hairston has failed to prove that the Danville litigation bars Coleman's claim. In fact, Coleman was not a party to that former action, nor was he privy with anyone who was. The fact that the Danville Circuit Court directed Coleman to turn over the vehicle to Newsome, and issued a show cause against him when he refused, did not make Coleman a party to that action or otherwise bind him to that court's final judgment. Likewise, the fact that Coleman complied with that court's show cause order rather than litigate the matter did not make him a party to the case. Finally, it is apparent that the Danville case had nothing directly to do with Coleman's claim for storage fees. The matter of storage fees arose only insofar as the $300.00 statutory storage *lien* (Virginia Code § 43-32) had to be paid to Coleman before Newsome picked up the vehicle for deliver to Hairston.

In short, the Danville court could not have adjudicated Coleman's claim against Hairston for storage fees when neither Coleman nor that issue was before that court in the proceeding.

Accordingly, Coleman is not barred from asserting his claim for storage charges in this action. Hairston's pleas will be denied.