**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-2256**

———————

LINDA A. EVANS,

> Plaintiff – Appellee,

v.

GEORGE L. PERRY, Director of Pitt County Social Services in his official capacity; CYNTHIA M. ROSS, in her individual capacity; LINDA MILLION, in her individual capacity,

> Defendants – Appellants,

and

PITT COUNTY DEPARTMENT OF SOCIAL SERVICES; APRIL HANNING, in her individual capacity; LINDA MARTIN CURTIS, in her individual capacity,

> Defendants.

———————

**No. 13-2294**

———————

LINDA A. EVANS,

> Plaintiff – Appellant,

v.

PITT COUNTY DEPARTMENT OF SOCIAL SERVICES; GEORGE L. PERRY, Director of Pitt County Social Services in his official capacity; APRIL HANNING, in her individual capacity; CYNTHIA M. ROSS, in her individual capacity; LINDA MILLION, in her individual capacity,

> Defendants – Appellees,

and

LINDA MARTIN CURTIS, in her individual capacity,

          Defendant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:12-cv-00226-FL)

_____

Submitted:  June 30, 2014                    Decided:  July 11, 2014

_____

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Vacated in part; dismissed in part by unpublished per curiam opinion.

_____

Scott C. Hart, SUMRELL, SUGG, CARMICHAEL, HICKS & HART, P.A., New Bern, North Carolina, for Appellants/Cross-Appellees George L. Perry, Cynthia M. Ross, Linda Million, Pitt County Department of Social Services and April Hanning. David C. Sutton, Greenville, North Carolina, for Appellee/Cross-Appellant Linda A. Evans.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda A. Evans filed a 42 U.S.C. § 1983 (2012) complaint against the Pitt County Department of Social Services ("DSS"), George Perry, Linda Million, Cynthia Ross, April Hanning, and Linda Curtis. The complaint alleged a series of events in which employees of DSS petitioned for and ultimately obtained guardianship of Evans' elderly and infirm mother, also obtaining a court order freezing many of Evans' assets. While Curtis filed an answer to the complaint, the remaining Defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint.

The magistrate judge recommended dismissing the claims against the DSS, dismissing Evans' claims of violations of her First, Seventh, Ninth, and Fourteenth Amendment rights based on Medicaid planning and familial association, and dismissing Evans' state law claims for abuse of process and intentional infliction of emotional distress. The magistrate judge also, however, recommended denying the motion to dismiss with respect to Evans' claim against Ross and Million of a procedural due process violation based on the deprivation of her property when her assets were frozen, and the derivative claim against Perry of failure to train and supervise.

In their objections to the magistrate judge's report and recommendation, Ross, Million, and Perry asserted that they

3

were entitled to absolute immunity as to Evans' procedural due process claim. The district court adopted the magistrate judge's report and recommendation in all respects, and rejected the assertion of absolute immunity. Ross, Million, and Perry filed an interlocutory appeal of the district court's order denying their claim of absolute immunity. Evans cross-appealed, and seeks to challenge in this appeal the dismissal of the remaining claims.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). A "final decision" is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). An order is not final if it disposes of "'fewer than all the claims or the rights and liabilities of fewer than all the parties.'" Robinson v. Parke-Davis & Co., 685 F.2d 912, 913 (4th Cir. 1982) (quoting Fed. R. Civ. P. 54(b)).

A district court's grant or denial of immunity is an immediately appealable order. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). The court's dismissal of Evans' remaining claims, however, is not an immediately appealable interlocutory

4

or collateral order. It is also not a final order, as it did not dispose of all the claims, and there is still a Defendant, Curtis, against whom Evans' claims remain pending in the district court.

We may exercise pendent appellate jurisdiction to review issues "that are not otherwise subject to immediate appeal when such issues are so interconnected with immediately appealable issues that they warrant concurrent review." Rux v. Republic of Sudan, 461 F.3d 461, 475 (4th Cir. 2006) (citation omitted). Such "jurisdiction is available only (1) when an issue is inextricably intertwined with a question that is the proper subject of an immediate appeal; or (2) when review of a jurisdictionally insufficient issue is necessary to ensure meaningful review of an immediately appealable issue." Id. (citing Swint v. Chamber Cnty. Comm'n, 514 U.S. 35, 50-51 (1995)) (internal quotation marks omitted). We conclude, however, that the issues Evans seeks to raise on appeal are not inextricably intertwined with the immunity issue, and determination of the issues she seeks to raise is not necessary to meaningfully review the immunity issue, properly before this court. We therefore decline to exercise jurisdiction over the issues raised in Evans' cross-appeal.

With respect to the narrow issue on appeal, we review de novo a district court's ruling on a Rule 12(b)(6) motion,

accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Social workers are entitled to absolute immunity for actions taken in a prosecutorial rather than investigative or policing capacity. Vosburg v. Dep't of Soc. Serv., 884 F.2d 133, 135 (4th Cir. 1989). That immunity extends only to prosecutorial actions, however, including preparing and filing a removal petition and prosecuting that action. Id. at 135-38.

To state a valid procedural due process claim, Evans was required to demonstrate "(1) that [she] had a property interest; (2) of which [the Appellants] deprived [her]; (3) without due process of law." Tri County Paving, Inc. v. Ashe County, 281 F.3d 430, 436 (4th Cir. 2002) (citation omitted). In determining whether there has been a procedural due process violation, a court must first determine whether the plaintiff has a property or liberty interest and whether such an "interest is within the Fourteenth Amendment's protection of liberty and property." Smith v. Org. of Foster Families for Equal. & Reform, 431 U.S. 816, 841 (1977). Due process of law

generally requires notice and an opportunity to be heard.  Tri County Paving, 281 F.3d at 436.

Here, the district court determined that Evans had a property interest in her assets that were frozen during the removal hearings.  See, e.g., Sansotta v. Town of Nags Head, 724 F.3d 533, 540 (4th Cir. 2013) (money and right to enjoy real property are clearly cognizable property interests).  The court rejected immunity, however, finding that Evans had pleaded actions taken by Ross and Million that were not prosecutorial in nature.  Having carefully reviewed the record and the relevant legal authorities, we conclude that the actions allegedly taken by Ross and Million cited by the district court did not relate to the specific claim of a procedural due process violation based on the deprivation of Evans' property.  The actions relevant to Evans' claim of a procedural due process violation based on the deprivation of her property[*] were prosecutorial in nature under Vosburg.  See 884 F.2d at 135-38 (prosecutorial actions include preparing and filing a removal petition and prosecuting that action).

---

[*] To the extent that Evans sought to plead a procedural due process violation based on the deprivation of any other liberty interest, that issue is not before this court as the district court concluded that Evans had not properly pleaded a protected liberty interest, and that conclusion is not subject to interlocutory review, as we have declined to exercise pendant jurisdiction.

We therefore conclude that Ross and Million were entitled to absolute immunity from Evans' claim that they violated her procedural due process rights in depriving her of her property when her assets were frozen. Moreover, the claim against Perry for failure to train or supervise was a derivative claim that survived because the underlying procedural due process claim survived against Ross and Million. See Vathekan v. Prince George's County, 154 F.3d 173, 180-81 (4th Cir. 1998) (municipal liability is derivative of liability of individual officers, and plaintiff must demonstrate custom or policy that resulted in constitutional violation). As we find that Ross and Million were entitled to absolute immunity on the underlying claim, the derivative claim against Perry must fail.

Accordingly, we vacate the district court's order with respect to the court's finding that Ross, Million, and Perry were not entitled to absolute immunity from Evans' claim of a procedural due process violation based on the deprivation of her property and from the derivative claim of failure to train and supervise, with directions that the district court dismiss those claims. We dismiss Evans' cross-appeal. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>VACATED IN PART;</u>
<u>DISMISSED IN PART</u>
