**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-1389**

—————————

FADEL HAMDAN,

        Plaintiff - Appellant,

    v.

GHADA EL-BADRAWY YOUNES,

        Defendant – Appellee,

    and

COMMONWEALTH OF VIRGINIA; ANGELA VERNAIL,

        Defendants.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, Senior District Judge. (1:15-cv-00086-TSE-JFA)

—————————

Submitted: August 27, 2015      Decided: September 9, 2015

—————————

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Fadel Hamdan, Appellant Pro Se. Ghada El-Badrawy Younes, Appellee Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fadel Hamdan appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint with respect to Ghada El-Badrawy Younes.[*] We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Hamdan v. Younes, No. 1:15-cv-00086-TSE-JFA (E.D. Va. filed Mar. 13, 2015; entered Mar. 16, 2015); see also Briscoe v. LaHue, 460 U.S. 325, 329-34 (1983) (holding that witness at criminal proceeding has absolute immunity for testimony and is not state actor for purposes of § 1983 liability). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] The order Hamdan appeals was not a final order when he noted his appeal because it did not dispose of all the defendants named in his complaint. See Robinson v. Parke-Davis & Co., 685 F.2d 912, 913 (4th Cir. 1982) (per curiam). Nevertheless, we have jurisdiction over Hamdan's appeal because, subsequent to the filing of Hamdan's notice of appeal, the district court issued a final judgment that dismissed the remaining defendants named in the amended complaint. See In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005) (holding that under doctrine of cumulative finality "a notice of appeal from an order disposing of all claims of one party filed before the district court disposes of all claims of all parties is . . . effective if the appellant obtains . . . final adjudication before the court of appeals considers the case on its merits" (internal quotation marks and brackets omitted)).