**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-7345**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRON GOODS, a/k/a Moo Man,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, Senior District Judge.  (1:06-cr-00309-JFM-9; 1:15-cv-03069-JFM)

_____

Submitted:  February 15, 2017          Decided:  March 1, 2017

_____

Before SHEDD, KEENAN, and FLOYD, Circuit Judges.

_____

Dismissed and remanded by unpublished per curiam opinion.

_____

Darron Goods, Appellant Pro Se.  Debra Lynn Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darron Goods appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion.* Although the parties have not challenged this court's jurisdiction, we have a duty to examine our jurisdiction sua sponte. United States v. Bullard, 645 F.3d 237, 246 (4th Cir. 2011) (recognizing "our independent obligation to satisfy ourselves of our jurisdiction"). "This Court may exercise jurisdiction only over final orders and certain interlocutory and collateral orders." Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 623 (4th Cir. 2015) (citation omitted); see 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b). The Supreme Court has defined a "final decision" as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). An order is not final if it disposes of "'fewer than all the claims or the rights and liabilities of fewer than all the parties.'" Robinson v. Parke-Davis & Co., 685 F.2d 912, 913 (4th Cir. 1982) (quoting Fed. R. Civ. P. 54(b)).

"Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final

---

* The district court granted a certificate of appealability.

2

order." Porter v. Zook, 803 F.3d 694, 696 (4th Cir. 2015). This rule applies to collateral attacks on convictions. Id. "[E]ven if a district court believes it has disposed of an entire case, we lack appellate jurisdiction where the court in fact has failed to enter judgment on all claims." Id. at 696-97.

In his § 2255 motion, Goods asserted that his trial lawyer was ineffective for (1) failing to call witnesses who could have bolstered his defense, and (2) failing to seek a limiting instruction with regard to a key prosecution witness' testimony about Goods' codefendant's efforts to obstruct justice, and (3) that the cumulative effect of these two omissions undermined Goods' convictions and sentence. Goods asserted a fourth claim that the Government committed misconduct when it failed to disclose to defense counsel material information about a Government witness, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the Due Process Clause, and that counsel was ineffective for failing to press the Government for this information.

In denying relief on Goods' § 2255 motion, the court specifically addressed the first two claims. Because the court did not rule on the remaining claims, the court "never issued a final decision on" Goods' § 2255 motion. Zook, 803 F.3d at 699. Thus, we lack jurisdiction over this appeal.

3

Accordingly, we deny Goods' motion for appointment of counsel, dismiss the appeal, and remand to the district court for consideration of Goods' remaining two claims. We express no opinion as to the disposition of those claims or the district court's denial of Goods' other claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED AND REMANDED