**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7281**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LOXLY JOHNSON, a/k/a Desmond Williams,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:10-cr-00799-JFM-1; 1:15-cv-01995-JFM)

Submitted: March 27, 2017               Decided: April 28, 2017

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Dismissed and remanded by unpublished per curiam opinion.

Loxly Johnson, Appellant Pro Se. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Loxly Johnson appeals the district court's orders denying relief on his 28 U.S.C. § 2255 (2012) motion and his motion to reconsider. Although the parties have not challenged this court's jurisdiction, we have a duty to examine our jurisdiction sua sponte. *United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011) (recognizing "our independent obligation to satisfy ourselves of our jurisdiction"). "This Court may exercise jurisdiction only over final orders and certain interlocutory and collateral orders." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) (citation omitted); *see* 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b). The Supreme Court has defined a "final decision" as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). An order is not final if it disposes of "fewer than all the claims or the rights and liabilities of fewer than all the parties." *Robinson v. Parke-Davis & Co.*, 685 F.2d 912, 913 (4th Cir. 1982) (quoting Fed. R. Civ. P. 54(b)).

"Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). This rule applies to collateral attacks on convictions. *Id.* "[E]ven if a district court believes it has disposed of an entire case, we lack appellate jurisdiction where the court in fact has failed to enter judgment on all claims." *Id.* at 696-97.

In his § 2255 motion, Johnson asserted that counsel was ineffective for: (1) failing to challenge the validity of the indictment; (2) failing to challenge a warrantless search of his cell phone; (3) failing to raise a claim of constructive amendment of the indictment; and (4) failing to raise certain issues on appeal. In a one sentence ruling, the district court denied Johnson's § 2255 motion because "counsel was not ineffective in challenging the indictment in this case." The court did not address Johnson's other three claims. Because the court did not rule on the remaining claims, the court "never issued a final decision on" Johnson's § 2255 motion. *Porter*, 803 F.3d at 699. Thus, we lack jurisdiction over this appeal.

Accordingly, we dismiss the appeal and remand to the district court for consideration of Johnson's remaining three claims. We express no opinion as to the disposition of those claims or the district court's denial of Johnson's other claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*