**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-2580

SUSAN VIRGINIA PARKER; LANE LAIRD FUNKHOUSER; K.F., by her parent and next friend Susan Parker; JUSTIS FUNKHOUSER, a/k/a J.F., by his parent and next friend Susan Parker,

Plaintiffs - Appellants,

v.

MICHAEL AUSTIN, a/k/a Toby, in his personal capacity; BRITTANY UTTERBACK, in her personal capacity; JENNIFER WIMER, in her personal capacity; AMANDA JUDD, in her personal capacity; HENRY & WILLIAM EVANS HOME FOR CHILDREN, INCORPORATED; LAURA REGAN, in her personal capacity; MIKE POWERS, in his personal capacity; WINONA POWERS, in her personal capacity; BRENT RUDOLPH, in his personal capacity; MISSY RUDOLPH, in her personal capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Michael F. Urbanski, District Judge. (5:14-cv-00035-MFU-JCH)

Submitted: May 11, 2017                    Decided: June 6, 2017

Before DUNCAN, AGEE, and DIAZ, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

Daniel A. Harvill, DANIEL A. HARVILL, PLLC, Manassas, Virginia; James R. Mason, III, HOME SCHOOL LEGAL DEFENSE ASSOCIATION, Purcellville, Virginia, for Appellants. James M. Bowling, IV, ST. JOHN, BOWLING, LAWRENCE & QUAGLIANA, LLP, Charlottesville, Virginia; Julia B. Judkins, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia; Kevin V. Logan, Kenneth F. Hardt, SINNOT, NUCKOLS & LOGAN, PC, Midlothian, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Appellants seek to appeal the district court's April 28, 2015 order granting Appellees' Fed. R. Civ. P. 12(b)(6) motions and dismissing in part their 42 U.S.C. §§ 1983, 1985 (2012) civil action. Following that order, Appellant Justis Funkhouser voluntarily dismissed his sole remaining claim pursuant to Fed. R. Civ. P. 41(a)(2). Appellants assert that this court possesses jurisdiction over this appeal. We disagree.

This court's jurisdiction to review orders originating in the district courts is limited to final decisions and certain, specified interlocutory orders. 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). The Supreme Court has defined a "final decision" as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). An order is not final if it disposes of "'fewer than all the claims or the rights and liabilities of fewer than all the parties.'" *Robinson v. Parke-Davis & Co.*, 685 F.2d 912, 913 (4th Cir. 1982) (per curiam) (quoting Fed. R. Civ. P. 54(b)); *see Hunter v. Town of Mocksville*, 789 F.3d 389, 402 (4th Cir. 2015).

In this case, after the district court dismissed the majority of the Appellants' claims, Justis Funkhouser moved pursuant to Rule 41(a)(2) to dismiss the sole remaining claim - count six - without prejudice. The district court's November 24, 2015 order granting this motion dismisses count six without prejudice to refiling. "This kind of split judgment ordinarily would not be considered final and therefore appealable under 28 U.S.C. § 1291 because it does not wind up the entire litigation in the district court."

3

*Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 359 (4th Cir. 2013) (internal quotation marks omitted). This court has noted that generally in this situation the proper remedy is

> to reverse the Rule 41(a)(2) order and remand for completion of the case, without considering the merits of the earlier interlocutory order(s). We may also deem the ambiguous voluntary dismissal of [the remaining count] to be with prejudice and go on to consider the appeal from the district court's dismissal of all remaining claims.

*Id.* However, in this instance, no ambiguity exists. The district court's November 24 dismissal of count six of the complaint was without prejudice. Consequently, no appealable final decision has issued. We therefore reverse the district court's November 24 order and remand for completion of the case. We deny Appellants' motion for leave to file supplemental addenda and attachments and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REVERSED AND REMANDED*