**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1230**

BRENDA C. NOE, on behalf of herself and all others similarly situated,

Plaintiff - Appellee,

v.

CITY NATIONAL BANK OF WEST VIRGINIA,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:19-cv-00690)

Submitted:  September 17, 2020                     Decided:  September 30, 2020

Before WILKINSON, KING, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Dallas F. Kratzer, III, Ohio, Ancil G. Ramey, STEPTOE & JOHNSON PLLC, Huntington, West Virginia, for Appellant.  Jason E. Causey, BORDAS & BORDAS, PLLC, Wheeling, West Virginia; E. Adam Webb, WEBB, KLASE & LEMOND, LLC, Atlanta, Georgia; Tiffany M. Yiatras, Francis J. "Casey" Flynn, Jr., CONSUMER PROTECTION LEGAL, LLC, Ellisville, Missouri, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

City National Bank of West Virginia ("the Bank") has filed this interlocutory appeal seeking to challenge the district court's order denying its "Motion to Dismiss, Motion to Stay, and to Strike Class Action Allegations" in a class action lawsuit brought against the Bank by Brenda C. Noe on behalf of herself and all others similarly situated. In her complaint, Noe alleges that the Bank's practice of assessing multiple non-sufficient funds fees on a single transaction breached the contractual promises the Bank made in its 2107 "Terms and Conditions of Your Account" disclosure ("2017 Terms and Conditions") and Fee Schedule; violated the covenant of good faith and fair dealing, as well as the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 to 46A-8-102 (Westlaw through legislation of the 2020 Regular Session); and resulted in the Bank being unjustly enriched. We vacate the court's order to the extent the court denied the Bank's request for a stay pending arbitration and remand for further proceedings.

As a threshold matter, and although not challenged by the parties, we have an independent "obligation to verify the existence of appellate jurisdiction[.]" *Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 240 (4th Cir. 2007). In this regard, it is well-established that we may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).

An appeal from a district court's order denying a motion to dismiss is generally not an appealable, interlocutory order. *See Robinson v. Parke-Davis & Co.*, 685 F.2d 912, 913 (4th Cir. 1982) (recognizing that an order is not final if it disposes of "'fewer than all the

2

claims or the rights and liabilities of fewer than all the parties'" (quoting Rule 54(b))). Federal law expressly permits an immediate appellate challenge to a district court's order denying a motion to compel arbitration, however. *See* 9 U.S.C. § 16(a)(1)(B); *see also Kansas Gas & Elec. Co. v. Westinghouse Elec. Corp.*, 861 F.2d 420, 422 (4th Cir. 1988) (finding that a district court order denying a motion to compel arbitration is an appealable interlocutory order under 28 U.S.C. § 1292(a)(1)).

Admittedly, the Bank only alternatively requested that the district court stay the litigation pending referral of the matter to arbitration, and the district court disposed of the Bank's motion after focusing primarily on whether Noe's complaint was sufficiently pled to withstand a motion to dismiss. But the district court also went on to reject the Bank's alternative argument that the action should be stayed pending arbitration, and expressly denied that alternative relief, as well. In any event, and regardless of the label the Bank attributed to its request pertaining to arbitration or the district court's treatment of the Bank's motion, the Bank's alternative request that the "matter be stayed pending referral of the matter to arbitration" equated to a motion seeking enforcement of a purported arbitration agreement and, thus, we have jurisdiction over this appeal. *See Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 713-14 (4th Cir. 2015) (holding that, because defendants' motions "by their very terms sought enforcement of [the plaintiff's] purported arbitration agreements, we have jurisdiction over this appeal regardless of the district court's characterization of those motions").

Having confirmed that we have jurisdiction over the appeal, we turn next to the district court's decision to deny the Bank's request to stay the district court proceedings

3

pending arbitration. In doing so, we recognize that "due regard must be given to the federal policy favoring arbitration," and that "ambiguities as to the scope of the arbitration clause itself [should be] resolved in favor of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 (1989); *see Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) ("[T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration.").

"To further facilitate arbitration, the [Federal Arbitration Act (FAA)] authorizes a party to an arbitration agreement to demand a stay of proceedings in order to pursue arbitration[.]" *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004). Under § 3 of the FAA, a district court must grant a party's motion to stay further proceedings if (1) the court is "satisfied that the issue . . . is referable to arbitration" pursuant to "an agreement in writing for such arbitration," and (2) the "applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

In addition, § 4 of the FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement may petition [a] district court . . . for an order directing that such arbitration proceed." 9 U.S.C. § 4. Notably, if the court determines "that an agreement for arbitration was made in writing," it must "make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof." *Id.* Thus, a party may compel arbitration if it can demonstrate: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the

4

transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [other party] to arbitrate the dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002) (internal quotation marks omitted).

Having made clear in its motion to dismiss that it was seeking enforcement of a purported arbitration agreement between the parties, we find that the Bank was entitled to the full panalopy of remedies under the FAA, including the right to seek a stay of the proceedings pending arbitration, and that the district court should have treated the Bank's motion as a motion to stay the litigation and compel arbitration. *See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) (suggesting that a motion to dismiss in favor of arbitration should be treated as a motion to stay litigation and compel arbitration). Had the district court treated the Bank's motion as one to compel arbitration and stay the court's proceedings, the district court would have been well-within its rights to consider evidence beyond the pleadings. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) ("In deciding motions to compel, . . . courts [may] consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." (internal quotation marks and ellipses omitted)); *see also Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (recognizing that, although the FAA does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet, "courts that have addressed the question have analogized the standard to that required of a

party opposing summary judgment . . . : the opposing party must demonstrate that a genuine issue of material fact warranting a trial exists").

In fact, we have recognized that if a party's motion to stay proceedings or compel arbitration "presents unresolved questions of material fact, the FAA calls for an expeditious and summary hearing to resolve those questions." *Dillon*, 787 F.3d at 713 (internal quotation marks and brackets omitted); *see* 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."). As we have expressly cautioned, "one thing the district court may never do is find a material dispute of fact does exist and then deny the motion without holding any trial to resolve that dispute of fact." *Dillon*, 787 F.3d at 713 (internal quotation marks and brackets omitted).

After reviewing the documents attached to Noe's complaint and taking all the allegations contained therein to be true, the district court here found it possible that the 2017 Terms and Conditions altered the terms of Noe's original depository agreement, which would have eliminated the parties' obligation to arbitrate their disputes. In arriving at this conclusion, however, the court refused to consider the Bank's evidence calling that elimination into question because the court believed the question was unfit for resolution on a motion to dismiss. Had the district court more appropriately treated the Bank's motion as one to compel and stay pending arbitration, however, the court would not have been limited to a review of the pleadings before it. And if after considering the Bank's evidence the district court concluded that a genuine issue of material fact prevented it from deciding

6

the arbitrability issue, the court would have been required to hold a hearing to resolve the factual dispute.

Because we find that the district court erroneously denied the Bank's motion without determining the arbitrability of the underlying litigation, we vacate that portion of the district court's order denying the Bank's motion as it pertained to arbitration. We remand the matter to the district court to determine whether Noe's claims should be referred to arbitration and, if it determines that unresolved questions of material fact prevent it from deciding the issue, direct the court to hold "an expeditious and summary hearing" to resolve the issue. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 22; *Dillon*, 787 F.3d at 716. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*